(86 Misc. Rep. 56)

WARSHOW v. BRITISH IMPORTING & JOBBING CO., Limited.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

MASTER AND SERVANT (§ 73*)—COMPENSATION OF SERVANT—CONSTRUCTION OF CONTRACT.

Where a settlement of accounts between an employé, who received a share of the profits, and his employer, provided that the employé's share should be subject to reduction in case of any loss on realization of assets, and that final settlement should be made June 1, 1913, the loss is not restricted to losses by actual failure; nor can the employé escape liability for a loss on an account, because notes to secure it were not given until after June 1, 1913.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 90–102; Dec. Dig. § 73.*]

Appeal from City Court of New York, Trial Term.

Action by Henry Warshow against the British Importing & Jobbing Company, Limited. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Marcuson Brothers, of New York City (A. S. Marcuson and Samuel J. Rawak, both of New York City, of counsel), for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff, who had been employed by defendant under a contract whereby he was to receive about one-third of the profits and pay one-third of the losses, accounting to be had December 31, 1912, claimed that upon such an accounting some $4,434 was shown to be due him, of which $3,500 was paid, leaving $934 due. It was shown that when the accounting was had the parties agreed that this $934 should be paid plaintiff, "subject to pro rata share of any losses on realization of assets as per balance sheet, * * * final settlement of which shall be made June 1, 1913." In leaving to the jury various questions which are not material to this appeal, the court instructed them that they may deduct the "actual loss sustained in the collection of the notes or open accounts provided such loss is by actual failure." He also charged, in response to the request of plaintiff's counsel: "Those losses can only be exhibited by the exhibits in evidence."

Whether the error be regarded as contained in this charge, or in rulings excluding evidence offered by defendant as to losses on accounts other than those exhibited by documentary evidence, is not material, as both these erroneous rulings were made, and were excepted to by defendant. The learned court also excluded proof of failure of two customers whose accounts were included in the inventory, but who did not give notes until after June 1, 1913. I do not appreciate the significance of the date when they gave the notes. The question that should have been left to the jury was: What deduction should be made from the amount prima facie due the plaintiff by reason of losses incurred on the realization of assets shown on the balance sheet?

As evidence as to such losses was improperly excluded, over defendant's objection and exception, and as the jury was also, in addition, improperly instructed in that regard, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.